May it please the Court, Jorge Rodriguez-Choi for the petitioner. First, Your Honors, I'd like to just point out that the opening brief does have a typo on page 2 when it refers to the June 3, 2004 order. It should have referred to the December 29, 2003 order. And in terms of the respondent's argument about jurisdiction to review that June 3 order, they're absolutely right. We're not petitioning for review of that order. This just concerns the December 29 denial of the motion to reopen. Essentially, the government has three arguments against the petitioner. The first one is premised on Munoz v. Ashcroft. However, this case, Munoz v. Ashcroft, does not control at all in this case because Munoz dealt with a claim of due process violation that was rooted in a they were arguing that they had a liberty interest in staying in the country. And the Court ruled that that's discretionary relief. There's no liberty interest in that form of relief, so there's no due process violation. We're not arguing that she, the petitioner, was entitled to the relief that she's claiming. We're just arguing that she's entitled to a procedural due process, which entitles her to a full and fair hearing. In this case, she didn't have a hearing at all. So the Court does have jurisdiction to review this matter. To review which order? The December 29th, 2003 decision that denied the motion to reopen. The second argument petitioner makes or Respondent makes is that we did not show previous counsel was ineffective. The Board of Immigration Appeals has instructed us in matter of Losada in what is the proper procedure and documents that need to be submitted when we are attempting to reopen a case under matter of Losada. This petitioner did comply with every element of matter of Losada. We provided notice to prior counsel. We provided the complete application for requested relief, including substantial evidence regarding the elements of the claim. So we believe we have made out the claim of ineffective assistance of counsel. I have a question on the timing of the motion to reopen. My concern is that, at least my understanding is, it was filed very, very late, and that the as I understand it, the Board of Immigration Appeals said it was late and they didn't excuse the lateness, and then they went on in the alternative to discuss their view of the merits. Am I right in that? That's correct. So if we think they made a mistake on ineffective assistance of counsel, wouldn't you still have a problem that the motion was filed late? The motion was filed as early as she possibly could have filed it, Your Honor. In her statement to the State Bar alleging the complaint against her prior counsel and this is their second prior counsel, the one that did not file the petition for review on time, the petitioner specifically says that she didn't even get her file from her last counsel until a day before. I understand she may or may not have a right to relief based on that, but doesn't the Board – wouldn't we have to remand so the Board could consider equitable tolling? Because as I read the record, it didn't seem that the Board made a determination that the time period was tolled and that they just said it was late, and then alternatively, if it wasn't late, there's no proper ineffective assistance claim. You are correct, Your Honor. However, the Respondent did not raise that issue in their brief. And there – so the issue before the Court, because Respondent failed to raise that equitable tolling issue, is just really the fact of whether there is an effective assistance and what the prejudice standards should have been. Well, I'm going to let you make your argument on that, but my concern, if you want to address it further, is that because the Board made a holding that the petition was late, that the Petitioner has to show that somehow the lateness was excused, which – which I don't think is – the Board didn't say that. So we would somehow have to deal with that, I think. But go ahead. You better get to your merits, Your Honor. Correct. The – in terms of showing the prejudice, I believe the Respondent has the – the applicable standard incorrect. The standard is not whether the outcome would have been different or to show that they would have won had they presented their claim of cancellation of removal. But under Maravilla v. Ashcroft, which really clarifies the standard that the Court enunciated in Cano-Merida, which is basically that if the ineffective assistance of counsel potentially affected the outcome or may have affected the outcome, as the Court stated in Maravilla, that's the appropriate standard. We don't have to show that it would have absolutely been different. And the Court in Maravilla outlines a two-step process for the Board to have – that should have – the Board should have used to determine whether to reopen this matter or not. And that is the Board should have asked whether effective counsel or other counsel – what would effective counsel have done differently that this counsel did not do? And basically in that regard, this effective counsel would have, first of all, filed the application on time and not waived the Respondent – the Petitioner's right to present her claim. Effective counsel would have discovered very early on whether there were or were not any issues of eligibility for cancellation of removal. The claim by prior counsel in his defense of the motion to reopen is that the Petitioner never informed him that she was potentially a battered spouse. Now, Petitioner hired this attorney to represent her in cancellation of removal, which is at 80 U.S.C. 1229b. And there's two paragraphs. There's b1 and b2. Under the first paragraph, cancellation of removal, the standards are very stringent, 10 years of physical presence, exceptional, extremely unusual hardship, very difficult standard to prove. However, if the Petitioner were to show that she qualifies under the – what's known as the battered spouse provisions, she would only need to show extreme hardship, which is a much lower standard. And not only that, the hardship could actually be to herself. And I have – I have prepared many, many cancellation of removal cases, and I can say that any type of preparation of this type of claim would by necessity involve examination of the status of the – of the Petitioner's spouse, what type of relationship they have, how often the children see them. And so if prior counsel had, in fact, even conducted an interview to prepare the Respondent, they would have easily discovered that she qualified not only under b1, but under Section b2 of cancellation of removal. And prior counsel also indicates that the Petitioner did not inform him and that she was of the battered spouse claim, and that she – that they discovered that she did not qualify. And this was ostensibly after the – the judge ordered removal in March of 2000. But counsel says that in his defense of the ineffective assistance of counsel, but yet in his notice of appeal, he indicates Petitioner indisputably qualifies for cancellation of removal. So there are contradictions in the prior counsel's defense of his explanation as to why he didn't file the application for relief, yet the Board ignored and did not consider what exactly prior counsel had done or didn't do. Did the Board – as I recall, the Board addressed the battered spouse issue, that she hadn't told him that she was a battered spouse. But if I'm recalling this correctly, the Board did not address whether there was exceptional, extreme exceptional or unusual hardship to her children. That's correct. Is that correct? That's absolutely correct. And the appropriate standard for the Board to – to apply would have been the lower standard of just extreme hardship. Well, you haven't raised that on this petition. As I read your briefs, it just has to do with a battered spouse. Correct. The battered spouse claim under ADOC 1229b2 includes that extreme hardship standard, which is much lower. I would like to reserve the 13 seconds I have left. Sure. Mr. Quinlan. Good morning. Charles Quinlan for the United States. Counsel alluded earlier in his argument to the question about which Board order is under review. I think that's our reading of the record itself, that his petition for review would deal with the December 2003. But I think it does leave a question about what to do about the June 2004 order. That's unchallenged at this point. And so I think that's still out there. Well, the motion to reopen, I'd like to hear your view on it, but it seems to me strange that the correct standard on an ineffective assistance of counsel claim is whether the client up and told the lawyer something, instead of being whether the lawyer told the client what the possibilities are and asked the client to talk about all the facts having to do with the basis of cancellation of removal. Would you like me to address that now, Your Honor? I think that is the essence of Petitioner's claim here. Well, it's the essence of what I think. So what I'm trying to get from you is why that's wrong. Well, the Board focused clearly on Petitioner's failure to cooperate with her attorney. Petitioner has argued that a reason for failure to cooperate is a buzzword. Which makes it sound pejorative. What I'm suggesting to you is that the proper focus is what counsel did first, not what the client did or didn't do. Because as far as I can tell, the Board never thought about whether counsel should have said, okay, look, there are three possible grounds upon which one can seek cancellation of removal. And here they are. Why should the client, who probably doesn't even speak English, know what the legal bases for cancellation of removal are? Well, the Board did not focus on that. All right. So why, in that case, shouldn't we remand to the Board to start from scratch and see whether there wasn't, in fact, deficient performance on the part of counsel? I have two points on that, Your Honor. Number one, I think there's a policy within the Board that it accrues to the benefit of Petitioners to withhold information that could be relevant. They can have a continuous series of motions to reopen and reconsider. There should be a burden on them to come forward with information that could be relevant. And there's a burden on a client to come forward when the client is charging ineffective assistance of counsel and saying, to say, I gave him all the information that might possibly qualify me for cancellation of removal. I wouldn't extend the burden that far, Your Honor. I wouldn't think so. So where does that argument get you? Well, then, let's move to whether or not there was substantial prejudice here. The Board did not find whether there was or wasn't. And we have to only make our decision based upon reasons that appear in the administrative record. Yes. Yes. That's correct, Your Honor. So that has to be go to be decided by the Board in the first instance, too, doesn't it? Whether the Petitioner should have been more forthcoming? No. Whether there was prejudice from counsel's failure to advise the client that there's a possible ground for cancellation of removal lying in spousal abuse. That's correct, Your Honor. And I don't think the record has made a sufficient – I don't think Petitioner in its record has made a sufficient showing that she, even if you take the Marabilla standard, that it could have affected her outcome. I don't think there's enough information in there. My point is this. The Board didn't go off on the ground of prejudice. It made no finding one way or another about prejudice. And we can't, unlike if it were a court proceeding, since it's an administrative proceeding, we're stuck with the reasons given by the administrative agency, which gave no reasons having to do with prejudice. That's correct, Your Honor. Clearly, the focus in the Board's decision was on plaintiff – on Petitioner's not coming forth with information regarding her battered spouse. And the Board, if I understand it correctly, made no ruling whatsoever on Chaudhry, that is, the second counsel who filed the petition in this Court a day late. There's nothing in reference to Mr. Chaudhry. So why shouldn't that also go back for a determination? Well, I think what we're asking the Court to do is presume that the Board – that there is a presumption that the Board has reviewed it, unless plaintiff can – Petitioner can make some showing otherwise. Well, I mean, I've read it. It doesn't seem to me like they paid any attention to it at all. It's not specifically addressed, Your Honor. Let me ask this question. Can we remand for a determination addressing the ineffective assistance of counsel issues that Judge Rima raises without – without on the remand order first requesting that the BIA address equitable tolling? Because as I read the BIA's decision, they said first that the motion to reopen was late. And then they never – then they said even if we were to excuse the lateness. And then they went on with their analysis of what the Petitioner didn't do. And they used that as a basis to reject the ineffective assistance of counsel claim, which – which may be incorrect if Judge Rimer's approach is followed. But before you get to that, doesn't someone have to address whether the petition was – was – can be considered late? I think it does, Your Honor. And the June 4th – the June 3rd, 2004 order does not clarify that either. I think at least the issue of tolling would have to be considered. Now, Petitioner argues that the government didn't raise tolling. I think Petitioner's argument in their brief today was that you didn't – government didn't raise the tolling issue. So maybe that's off the table. But I'm wondering if it is something we have to – we would have to include in a remand order because the board said that the application was late. The government did not discuss tolling in our brief because it was not discussed in Petitioner's brief. But I think it's implicit in – in a requirement for a remand in this case, because they were, in fact, way beyond the one-year deadline for filing. In fact, 16 months, I believe. So I think that would be an issue in this case that should be examined. Anything else? Thank you, Your Honor. All right. Thank you, Mr. Connelly. And Mr. Rodriguez, anything further? Just a very brief comment that the – in the explanation found at C.A.R. page 41, prior counsel never alleges that Kline did not cooperate with him. He also never explained why he did not file the application by the due date, only explains that after the – she was ordered removed, they discovered in the preparation of a motion to reopen that she wasn't eligible. So the board is basing its decision on something that's not in the record. That's all I have. All right. Thank you, counsel. The matter just argued will be submitted. Thank you.
judges: Noonan, Rymer, Gould